CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 20 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KENNETH L. GARDNER,** | ) | Civil Action No. 7:12cv00613 |
| Petitioner, | ) | |
| | ) | **2241 MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| **BUREAU OF PRISONS,** | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Kenneth L. Gardner, a federal inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' regulations regarding residential substance-abuse treatment programs. Gardner claims that the Bureau of Prisons is impermissibly factoring certain outdated prior convictions into sentence reductions after prisoners complete substance-abuse treatment programs. See 18 U.S.C. § 3621(b) (mandating that the Bureau of Prisons "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse"); § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.").

Gardner does not allege, however, that he has actually completed a substance-abuse treatment program or that the Bureau of Prisons denied him a sentence reduction after he completed any such program. Consequently, the court cannot determine whether Gardner has standing to bring this petition or whether his challenge is purely hypothetical.

Because Gardner has failed to allege a plausible claim to relief, the court dismisses Gardner's petition without prejudice.[1]

**ENTER**: December 20, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Gardner claims that he has complained to the Regional Director but received no response. Nevertheless, to the extent that a challenge to an administrative regulation lies under § 2241, it appears that Gardner has not exhausted his administrative remedies. See 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."); 28 C.F.R. § 542.15(a) (requiring, after an appeal to the Regional Director, an appeal to the Bureau of Prisons' *General Counsel*).

2